UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEITH B.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C19-703 BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding him not disabled. The ALJ found degenerative disc disease of the lumbar spine and degenerative joint disease of the left joint ankle are severe impairments; plaintiff has the residual functional capacity (RFC) to perform light work with additional limtiations; and plaintiff is not disabled because he can perform past relevant work as a sheet metal worker. Tr. 19-28. Plaintiff contends the ALJ misevaluated the opinions of treating doctor Paul Mayeda, M.D., and plaintiff's testimony, and the Court should remand for an award of benefits or alternatively further proceedings. Dkt. 13.

For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

//

# DISCUSSION

**A.    Dr. Mayeda**

Plaintiff contends the ALJ misevaluated the opinions of treating doctor Paul Mayeda, M.D. The ALJ must provide specific and legitimate reasons to reject a contradicted medical opinion, such as Dr. Mayeda's. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). The ALJ must do more than offer his conclusions; he must also explain why his interpretation, rather than the doctor's interpretation, is correct. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). The opinion of a non-examining doctor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

The ALJ rejected Dr. Mayeda's opinion that due to chronic back pain, plaintiff cannot complete a regular work schedule; can sit and stand only a few minutes; requires positional changes and unscheduled breaks, would have three work absences a month and would "experience frequent interruptions to his attention and concentration." Tr. 26. The ALJ rejected the opinions first finding Dr. Mayeda "conducted little to no testing of the claimant's spine movment or strength," and thus the doctor's opinions "were primarily based upon the claimant's subjective reports." *Id.* Substantial evidene does not support the finding.

Dr. Mayeda indicated following an auto accident, plaintiff suffered from chronic back pain despite failed attempts at rehabilitation, laminectomy, physical therapy, acupuncture, and a rhizotomy. Tr. 436. The doctor further noted plaintiff "sought opinions and treatment from another surgeon and physiatrist with no improvements." *Id.* Dr. Mayeda stated the clinical and laboratory findings supporting his opinions include "SPECT/bone scan" and "CT myelogram." Tr. 474. The record thus shows Dr. Mayeda based his opinions on more than just what plaintiff

told him, looking to plaintiff's course of treatment and imaging results. As the doctor was not simply parroting plaintiff's pain complaints in arriving at his conclusions, the ALJ accordingly erred.

The ALJ also found plainiff's "normal gait and intact strength, sensation and extremity movement during other examinations" contradict Dr. Mayeda's opinion. Tr. 26. The record however does not contain opinions showing normal gait, strength or intact sensation are findings that are inconsistent with plaintiff's pain symptoms. The ALJ thus erred by reaching a medical conclusion about plaintiff's pain limitaions based upon these findings without specifying medical evidence in support. *See e.g. Gray v.* Colvin, No. 12-213, 2013 WL 5526052 at * 6 (E.D. Wash. Oct. 4, 2013) (ALJ impermissibly reaches medical conclusions about a claimant without relying on medical evidence.). Substantial evidence does not support the ALJ's finding and the ALJ accordingly erred.

The Commissioner defends ALJ's determination raising rationalizations upon which the ALJ did not rely. The Commissioner argues the imaging scans should not be considered in support of Dr. Mayeda's opinion, and further that examining doctor Dan Phan M.D. and reviewing doctor James Irwin, M.D., opined plaintiff could perform light work. Dkt. 16 at 7. The ALJ did not reject Dr. Mayeda's opinions on these bases. The Court reviews the ALJ's decision "based on the reasoning and findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 1995).

The Commissioner also argues Dr. Mayeda's opinions are contradicted by examination findings such as normal strength, gait etc. As discussed above the ALJ erred in rejecting Dr. Mayeda's opinions on this basis and the Court accordingly rejects the Commissioner's defense.

The Court further notes the opinion of a non-examining doctor such as Dr. Irwin, alone, is not substantial evidence justifying the rejection of the opinion of treating doctor such as Dr. Mayeda. *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). Hence Dr. Irwin's opinion is not a basis upon which the Court may affirm the ALJ's determination.

Additionally the ALJ's treatment of Dr. Phan's opinion is problematic. The Commissioner places great stock on Dr. Phan's opinion but the ALJ rejected the doctor's opinion plaintiff has twisting and turning limitations. Tr. 26. Dr. Phan also opined plaintiff was limited to sitting, standing and walking "up to six hours cumulatively" in an eight hour work day. Tr. 398. The ALJ did not reject this limitation but failed to include it in the RFC determination. That Dr. Phan opined plaintiff was limited to no more than six hours of sitting, walking and standing cumulatively is critical; the vocational expert testified plaintiff could not perform past relevant work if he was so limited "because he performed the job on his feet all day, standing and walking eight hours." Tr. 51.

**B.      Plaintiff's Testimony**

The ALJ must assess plaintiff's testimony utilizing SSR 16-3p. SSR 16-3p eliminates the use of the term "credibility" and instead focuses on an evidence-based analysis of the administrative record to determine whether the nature, intensity, frequency, or severity of an individual's symptoms impact his or her ability to work. SSR 16-3p does not, however, alter the standards by which courts will evaluate an ALJ's reasons for discounting a claimant's testimony. To reject subjective complaints, an ALJ must provide "specific, cogent reasons" and, absent affirmative evidence of malingering, must reject a claimant's testimony for "clear and

convincing" reasons. *Morgan v. Commissioner of SSA*, 169 F.3d 595, 599 (9th Cir. 1999); *see Carmickle v. Commissioner, SSA*, 533 F.3d 1155, 1160 (9th Cir. 2008).[1]

The ALJ rejected plaintiff's testimony for at least one valid reason. First the ALJ found plaintiff's testimony that chronic pain limited his ability to stand, walk, sit and lift is contradicted by plaintiff's normal gail and full strength. Tr. 25. As discussed above the ALJ erred because the finding is not based upon a medical opinion.

Second, the ALJ rejected plaintiff's testimony because "of the lack of treatment undergone by the claimant for his back pain, especially in 2016." *Id*. Substantial evidence does not support the finding. Plaintiff's treating doctor indicated despite the tests, rehabilitation efforts, surgeries and consultations with other doctors that plaintiff's chronic pain persists. There is thus nothing showing plaintiff's pain is not severe, does not merit the opiod medications that are prescribed, plaintiff's doctors think he is exaggerating his complaints, or there are other treatments the doctors can provide after 2016.

Third, the ALJ found plaintiff's activities such as regular exercise, "peddling a boat," maintaining all aspects of care such as making meals, mowing the lawn, leaving the house daily, walking the dog, shopping for groceries contradict plaintiff's testimony. Tr. 25. Plaintiff argues these activities do not show he can "concentrate on work despite pain or could engage in similar activity for a longer period," and that he should not be penalized for attempting to lead a normal life. Dkt. 13 at 11. However the ALJ may properly discount a claimant's testimony where the testimony does not square with the claimant's daily activities. *See Burrell v.* Colvin, 775 F.3d 1133, 1137 (9th Cir. 2014);20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) ). Here plaintiff testified

---

[1] In *Carmickle*, the Ninth Circuit rejected the proposition that there had to be a specific *finding* of malingering; rather, it was sufficient that there be *affirmative evidence* suggesting malingering. *See Carmickle*, 533 F.3d at 1160 n.1.

that he could stand or walk no more than 10 minutes and lifting a gallon of milk multiple times would be hard. Tr. 47. The Court cannot say it was unreasonable for the ALJ to find plaintiff's testimony is not consistent with the level of his activities. Because this is a valid reason supported by substantial evidence to discount plaintiff's testimony, the inclusion of other erroneous reasons is harmless.

**CONCLUSION**

The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). Although plaintiff requests an award of benefits, the Court finds the record is not fully developed and that furher proceedings would be useful. In specific the ALJ must reassess Dr. Mayeda's opinions, and Dr. Phan's opinion which as noted above was treated in a problematic manner by the ALJ.

On remand, the ALJ shall reassess the opinions of Drs. Mayeda and Phan, develop the record and redetermine plaintiff's RFC as needed and proceed to the remaining steps as appropriate..

DATED this 4th day of December, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge